IN THE UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF ILLINOIS EASTERN DIV.

## AMENDED COMPLAINT

Scott Edward Adamik,
J.R. # 45202, I.D.O.C. # R-44448,
Pro se,            Plaintiff,

vs.

John Does and
DuPage County Jail
                    Defendants,

Case No. # 08-C-3574

Judge Charles R. Norgle
United States District Court
Presiding.

("Jury Demand Requested")

RECEIVED
JUL 21 2008
Jul 21, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Pro se civil rights complaint pursuant to 42 U.S.C. § 1983 Amended complaint now resubmitted in compliance with 6-30-2008 (docket entry text / minute order) of Judge Charles R. Norgle and (motion/request) for appointment of counsel & to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 et seq.

Conformed with court approved forms, the pro se plaintiff Scott E. Adamik states as follows:

Plaintiff(s) I. (A) Name: Scott E. Adamik, (B) List all aliases: none. (C) Prisoner I.D. DuPage Co. Jail I.D., J.R. # 45202 and I.D.O.C. # R-44448. (D) Place of present confinement: DuPage County Jail, (E) Address: 501 N. County Farm Rd. (Mailing Address) P.O. Box 957 Wheaton, Illinois 60189-0957.

Defendant(s) II. (A) Name of first defendant: John Doe employees of the DuPage County Jail ("Deputys and or medical or dental staff.") (B) Title: Sheroff Deputies employed at DuPage County Jail - medical and or dental staff. (C) Place of employment: DuPage County Jail 501 N. County Farm Rd., Wheaton, IL 60187 (630) 407-2000.

2.

PREVIOUS LAWSUITS III. ("I HAVE NEVER FILED ANY PREVIOUS LAWSUIT.")

STATEMENT OF CLAIM IV.

(A) I WROTE AN INITIAL GRIEVANCE ON 6-06-2008 AND RECEIVED AN UNSATISFACTORY RESPONSE FROM SPECIAL SERVICES OFFICER MR. MARTIN C. MANION AT THE DUPAGE COUNTY JAIL.

(B) ON 6-16-08 I SENT AN APPEAL TO THAT GRIEVANCE TO DUPAGE COUNTY SHERIFF MR. JOHN E. ZARUBA VIA U.S. MAIL C/O CHIEF WOLFF AND RECEIVED ANOTHER UNSATISFACTORY RESPONSE.

(C) I THEN DECIDED TO FILE A COMPLAINT AS THE TWO YEAR TIME LIMITATION WAS DRAWING NEAR ("THE DATE OF THE INCIDENT MY PHYSICAL & PSYCHOLOGICAL INJURIES OCCURRED ON 9-7-2006 AT 10:15 PM ON 3-W-POD AND THE NATURE OF THE INCIDENT WAS REPORTED AS A ("FIGHT") BY DEPUTY YOUNG AT 2300 HOURS ON DUPAGE COUNTY CORRECTIONAL CENTER WHEATON, IL INCIDENT REPORT FORM: SO-00451 REV. 6-02 ("ALSO SEE FOLLOW-UP REPORT WRITTEN BY SGT. T. LORIGAN EMPLOYEE NUMBER: 830 ALSO DATED 9-7-06 AT 22:23 PM ON FORM: DCCC 106B REV. 6/02.")

(D) I WAS NOT IN A FIGHT; I WAS ASSAULTED FOR NO REASON; SO DEPUTY YOUNG FALSIFIED THE REPORT TO ESCAPE LIABILITY AND OR TO HELP OTHERS ESCAPE LIABILITY AS HE KNEW THAT IF HE TERMED THIS INCIDENT "A FIGHT" IT WOULD ("APPEAR") AS IF I WAS A WILLING PARTICIPANT (AND NO OTHER JAIL EMPLOYEES) HAD TREATED MY SITUATION WITH DELIBERATE INDIFFERENCE. HOWEVER, THERE IS REAL AND EXISTING EVIDENCE OF DELIBERATE INDIFFERENCE

3.

AS FOLLOWS:

(E) THE NARRATIVE OF THE FOLLOW-UP REPORT (FORM: DCCC 1008 REV.6/02) WRITTEN BY SGT. T. LONGON #830 DATED: 9-7-06 AT 22:23 PM STATES ...** "It SHOULD BE NOTED THAT INMATE DUNNAVANT ("I.R.# 100012, DOCKET # 20608405, (3-W-09) SUSPECT!") IS INCARCERATED FOR SIX COUNTS OF AGGRAVATED BATTERY, ONE RESISTING A POLICE OFFICER CASE, AND A TWO COUNT SIMPLE BATTERY CASE. UPON ARRIVING AT THIS FACILITY, INMATE DUNNAVANT ALSO HIT ANOTHER INMATE WHILE IN HOLDING ACCORDING TO INMATE WITNESS (SEE SGT. MATEEL'S REPORT). ALSO, DUNNAVANT WAS RELEASED FROM DISCIPLINARY SEGREGATION ON 08/28/06 FOR USING ABUSIVE LANGUAGE TO STAFF....."

(F) THEN I WROTE MY GRIEVANCE AND APPEAL 6-6-08 AND 6-16-08. AND, THEN I FILED MY NEW COMPLAINT, WHICH I RECEIVED NOTICE ON 6-23-08 HAD BEEN ASSIGNED CASE NO.# 08-C-3574.

(G) THEN ON 7-3-08 INMATE SEAN DUNNAVANT WAS AGAIN COMPLAINED ABOUT BY ME ON A NEW GRIEVANCE.

(H) ON 6-28-08 INMATE DUNNAVANT WAS AGAIN PUT IN THE SAME POD WITH ME THOUGH JAIL STAFF HAD IN OF THE ABOVE PREVIOUS KNOWLEDGE WHICH IS EVIDENT FROM THEIR OWN ABOVE DOCUMENTED REPORTS AS IS REVEALED IN ABOVE NARRATIVE. ON 6-30-08 AT APPROX: 1:30 PM DUNNAVANT WAS AGAIN RIGHT IN THE MIDDLE OF MORE TROUBLE WHICH CAUSED HIM TO REMEMBER ME, SO I AGAIN REQUESTED SEPARATION FROM DUNNAVANT, HOWEVER, I RECEIVED WORD FROM THIS COURT THAT THE CLERK WAS DIRECTED TO SEND ME AN INFORMA PAUPERIS APPLICATION, AN AMENDED COMPLAINT FORM, AND

4.

INSTRUCTIONS ALONG WITH A COPY OF THE COURTS 6-30-08 ORDER. I WAS ALSO TOLD BY THE COURT IN SAME ORDER TO "SUBMIT A CERTIFIED COPY OF THE TRUST-FUND ACCOUNT STATEMENT (OR INSTITUTIONAL EQUIVALENT) FOR THE 6-MONTH PERIOD IMMEDIATELY PRECEDING THE FILING OF THE COMPLAINT (etc.) ... OBTAINED FROM THE APPROPRIATE OFFICIAL OF EACH PRISON (etc) AT WHICH THE PRISONER IS OR WAS CONFINED," 28 U.S.C. § 1915 (a) (2), ... " (THAT IS, FROM DEC. 23, 2007, TO JUNE 23, 2008);

(I) I RECEIVED THE COURTS ORDER, BUT, MY ENVELOPE WAS OPENED AND CONTENTS WERE MISSING ABOVE DESCRIBED. SEVERAL OTHER INMATES HERE AT DUPAGE COUNTY JAIL ALSO HAD PROBLEMS WITH THEIR LEGAL MAIL TOO AS DOCUMENTS WERE MISSING, ENVELOPES OPENED AND READ, AND OR THE PRISONERS RECEIVED DOCUMENTS BELONGING TO OTHER PEOPLES CASES OR SENT INTENTIONALLY TO WRONG PARTIES, PLEASE SEE GRIEVANCES AND COMPLAINTS OF AHSON SALIM # I.R. 188876 AND HERMAN L. NITZ JR. # I.R. 42337 WHO BOTH ALSO FILED GRIEVANCES AND APPEALS. ON YET ANOTHER OCCASSION, HERMAN NITZ SUMMONS IN A STATE MANDAMUS ACTION WAS NOT SERVED DUE TO INTENTIONAL DELAY BY DUPAGE COUNTY JAIL STAFF THWARTING USE PRINTS. PLEASE SEE MANDAMUS ACTION & GRIEVANCES ETC REGARDING NITZ STATE MANDAMUS ACTION FILED IN THE COURT OF THE 18TH JUDICIAL CIRCUIT OF DUPAGE COUNTY ENTITLED; HERMAN L. NITZ JR. V. JUDGE GEORGE J. BAKALIS et al CASE NO# 08MR-700 AND #08MR-1004 AND NITZ FEDERAL ACTION ENTITLED; HERMAN L. NITZ JR. V. TONY DOE, et al CASE NO# 08-C-0334 AND GRIEVANCES AND APPEALS AS WELL AS IN REGARD TO CASE RECENTLY FILED BY AHSON SALIM # 188876 V. CITY OF CHICAGO, et al. CASE NO# 08-C-3629 AHSON SALIM COMPLAINED ALSO THAT HIS LEGAL MAIL WAS OPENED AND DOCUMENTS WERE ALSO MISSING IN HIS USED GRIEVANCE

5.

Filed at DuPage County Jail on or about 7-10-2008 complaining that a female deputy opened his letter from the United States District Court read his document and who then told Salim she didn't mean to open and read this privileged correspondence. It should be noted that the same documents I am missing are also missing from Salim's legal envelope addressed to him also by the clerk of this court.

(J) Though all of us described above have written many grievances and appeals none of us has received adequate responses yet which is a serious matter denying me access to the courts and to privacy in regard to my communnications to the court as my grievances have not been answered and county jail staff is obstructing and altering my efforts to file my complaint and supporting documents.

(K) I have been permanently disfigured as my tooth ("front tooth") was knocked out and my lip was split, over a few cross words with an inmate known by staff to be prone to violence, as this was unknown to me. Jail staff had a duty to protect me from Dunnavant and though jail employees had the requisite state of mind I was still exposed to a pervasive risk of harm which actually caused physical and psychological injury as these jail employees had actual knowledge which they did not act on.

(L) Sgt. T. Lorigan should have ordered deputy Young to re-phrase the word ("fight") with words more descriptive of what actually occurred as this was not a fight as defined by the English language.

6.

(M) Deputy Young and Sgt. Lorigan were both aware of Dunnavants history of violence (and recent violence) according to Sgt. Lorigan's Report of 9-7-06. However, these persons also used conflicting terms, phrases, etc. to describe the incident in their narratives, but, as Sgt. T. Lorigan #830 is a higher ranking employee in the chain of command both has access to intelligence (i.e.) "knowledge" of existing facts reveal that he possessed enough relevant information about Dunnavants previous outbursts of rage to warrant that Dunnavant was a threat, therefore; more caution was required in the classification and placement of Dunnavant in the interests of the safety and security of the institution and its occupants. Also, there is no legitimate penalogical purpose or justifiable correctional goal in any of the above described conduct of jail staff, and, the action displayed above described is in direct opposition to any real penalogical purpose or correctional goals, as jail staff did not act until after the injury was inflicted on me first.

Relief I.

I request permission to proceed informa pauperis and that counsel would also be appointed by the court to represent me in this matter pursuant to 28 U.S.C. § 1915 et seq as I do not have access records, witnesses, funds or knowledge by which to litigate this legally and factually complex case. and since my case is colorable and has actual merit I also request reasonable attorney fees, punitive & compensatory award to be figured for me after a jury trial is had on these factors upon deliberations are had as to any damages I am entitled.

Respectfully submitted  Dupage Co. Jail

date: July 12th, 2008

Scott E. Adamsik #45202, inmate
P.O. Box 957 Wheaton, IL 60189-0957

7.

STATE OF ILLINOIS }
COUNTY OF DuPAGE } 28 U.S.C. § 1746 - 28 U.S.C. § 1651(a).

DECLARATION OF SCOTT E. Adamik #45202

I, SCOTT Edward Adamik, declare under penalty of perjury that, pursuant to 28 USC §1746 I AFFIRM, VERIFY, CERTIFY and STATE, THAT, I am the plaintiff in the above entitled and captioned cause of action, "SCOTT Edward Adamik JR. #45202, I.d.O.C # R-44448 vs. John Does, CASE NO # 08-C-3574, I verify by certification that I have read the above complaint and that I possess actual knowledge of its contents and to which I can also testify if I should be called to do so. I further attest that I have complied with the requirements of 42 U.S.C. § 1997 e(a) prison Litigation Reform Act ("P.L.R.A.") as explained in, <u>Booth v. Churner</u>, ___ U.S. ___, (2001)." I exhausted all available administrative remedies by first submitting initial grievance to Martin C. Manion and that after receiving an unfavorable response to this grievance filed 6-06-08 I then on 6-16-08 filed an appeal via U.S. Mail to: DuPage County Sheriff John E. Zaruba c/o Chief & Special Services officer, and after again receiving an unsatisfactory response I filed original complaint proceeding this new amended complaint. I also declare that I do not intend to embarass or harass any person or party to this or any other legal action and that all statements are true, correct and factual to the best of my knowledge except regarding any matter which is based on information or belief and as to those matters I verily believe same to also be true and I declare that I believe in good faith that I have a colorable and meritorious cause of action.

Respectfully Submitted
by the declarant ___ Below

Scott E. Adamik J.R. #45202
DuPage County Jail
P.O. Box 957 Wheaton, IL 60189-095

date: 7-12-2008

8.

PROOF / CERTIFICATE OF SERVICE / DECLARATION

Please take notice that on this 12th day of July 2008 I, Scott E. Adamok, J.R. #45202 caused the attached civil rights complaint and all supporting documents pursuant to 42 USC §1983 §1997 e(a) and 28 U.S.C. § 1915, §1746 and §1651(a) to be filed with the clerk Michael W. Dobbins by placing above documents in a properly addressed first class postage pre-paid envelope addressed to: The clerk of the United States District Court c/o prisoner correspondent northern district of Illinois 219 S. Dearborn St. Chicago, IL 60604 20th Floor. And placing envelope in the institutional mail box at 2-4-08 pod at the DuPage County Jail to be turned over by jail personnel to the postmaster for delivery via United States postal service.

Respectfully submitted
Scott E. Adamok J.R. #45202
DuPage County Jail
P.O. Box 957
Wheaton, IL 60189-0957