Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | CHARLES R. NORGLE | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 08 C 3574 | DATE | 08/05/08 |
| CASE TITLE | Scott Edward Adamik (#45202 / #R-44448) vs. John Does | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to proceed *in forma pauperis* [#6] is granted. The court orders the trust fund officer at the plaintiff's place of incarceration to begin making monthly deductions in accordance with this order. The clerk is directed to send a copy of this order to the trust fund officer at the DuPage County Jail. However, summonses shall not issue at this time. The court appoints Andrew D. Shapiro / Butler, Rubin, Saltarelli & Boyd, LLP / 70 W. Madison Street, Suite 1800 / Chicago, Illinois 60602 / (312) 444-9660 to represent the plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37. The amended complaint is dismissed without prejudice to appointed counsel filing a second amended complaint within 60 days if the second amended complaint comports with appointed counsel's obligations under Rule 11 of the Federal Rules of Civil Procedure.

■ [For further details see text below.]    Docketing to mail notices.

## STATEMENT

The plaintiff, an inmate in the custody of the DuPage County Jail, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff appears to claim that jail officials violated the plaintiff's constitutional rights by acting with deliberate indifference to his safety. More specifically, the plaintiff alleges that he was placed in the same "pod" as a fellow inmate who was a declared enemy and that the inmate then viciously attacked him.

The plaintiff is granted leave to proceed *in forma pauperis*. Because the plaintiff has a negative balance in his jail trust fund account, the initial partial filing fee is waived pursuant to 28 U.S.C. § 1915(b)(4). However, the trust fund officer at the plaintiff's place of incarceration is authorized and ordered to begin collecting monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. *See* 28 U.S.C. § 1915(b)(1). Monthly payments collected from the plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. *Id.* All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and **(CONTINUED)**

mjm

**STATEMENT (continued)**

this case number. The inmate trust account office shall notify transferee authorities of any outstanding balance in the event of the plaintiff's transfer to another correctional facility.

Under 28 U.S.C. § 1915A, the court is required to conduct a prompt threshold review of the amended complaint. Here, accepting the plaintiff's allegations as true, the court finds that the plaintiff has articulated a colorable federal cause of action. Correctional officials may not act with deliberate indifference to a substantial risk to the safety of a pretrial detainee. *See, e.g., Rapier v. Harris*, 172 F.3d 999, 1002 (7th Cir. 1999), *relying on Bell v. Wolfish*, 441 U.S. 520, 535 (1979). It is not the case that the plaintiff could prove "no set of facts" entitling him to relief under 42 U.S.C. § 1983. *Haines v. Kerner*, 404 U.S. 519, 521 (1972); *see also Zimmerman v. Tribble*, 226 F.3d 568, 571 (7th Cir. 2000).

However, the amended complaint does not name a proper defendant; the U.S. Marshall will not be able to identify or serve "John Doe" defendants without any more information.

Because the plaintiff does not appear to have the wherewithal to litigate this matter, and in light of the soon-to-expire statute of limitations, the court hereby appoints Andrew D. Shapiro / Butler, Rubin, Saltarelli & Boyd, LLP / 70 W. Madison Street, Suite 1800 / Chicago, Illinois 60602 / (312) 444-9660 to represent the plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37.

After investigation, appointed counsel should file a second amended complaint within sixty days if such amendment comports with counsel's obligations under Rule 11 of the Federal Rules of Civil Procedure. If counsel is unable to file an amended complaint, he should so inform the court.